IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RANDALL BLACKWELL,

    Plaintiff,

    v.                                                      Civil No: C-1-09-646

DWAYNE WENNINGER, et al.,

    Defendants.

**ORDER**

**I. Introduction**

    Plaintiff Randall Blackwell brings this action pursuant to 42 U.S.C. § 1983 and Ohio law alleging violations of his rights stemming from his arrest, prosecution and incarceration for the crime of escape. Plaintiff names as defendants Dwayne Wenninger, individually and in his capacity as Brown County, Ohio Sheriff; Chuck Ernst, individually and in his capacity as Brown County, Ohio Deputy Sheriff; and John Does I and II, individually and in their capacity as Brown County, Ohio Deputy Sheriffs. Plaintiff originally filed this action in the Brown County, Ohio Court of Common Pleas. Defendants Wenninger and Ernst subsequently removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1446 based on the court's federal question jurisdiction and potential supplemental jurisdiction.

    On January 15, 2010, the court issued an order to plaintiff to show cause why defendants John Doe I and John Doe II should not be dismissed from this action based on plaintiff's failure to serve these defendants within 120 days (doc. 11). Plaintiff has filed a response in which he states that there is no reason why defendants John Doe I and John Doe II should not be dismissed

1

from the lawsuit (doc. 12).

## II. Allegations of the Complaint

Plaintiff makes the following allegations in the complaint: On or about March 10, 2008, defendants initiated criminal proceedings against plaintiff by filing a complaint and affidavit in the Brown County, Ohio Municipal Court, Case number CRA 0800277. Specifically, defendant Ernst filed a complaint and John Doe I filed an affidavit alleging that plaintiff broke detention while he was under pretrial electronic home monitoring and charging plaintiff with a violation of Ohio Rev. Code § 2921.34(A)(1), Escape. The case was presented to the Brown County grand jury for an alleged violation of the escape statute. The indictment was assigned common pleas case number 2008-2112. As a result of the indictment, defendants incarcerated plaintiff in the Brown County Jail from May 8, 2008 until August 6, 2008.[1] On the latter date, a *nolle prosequi* was placed of record in the Brown County court of common pleas in reliance on the decision in *State of Ohio v. Gapen*, 104 Ohio St.3d 358, 819 N.E.2d 1047 (2004), wherein the Ohio Supreme Court ruled that pre-trial electronic home monitoring does not constitute detention.[2] At all relevant times, defendant Wenninger was Sheriff of Brown County in control of the Brown County Jail and responsible for the incarceration of plaintiff, and defendant John Doe II was a Brown County Sheriff's Deputy who was responsible for the operation of the jail and the ongoing incarceration of plaintiff. Each of the defendants acted with malicious purpose, in bad faith, in a wanton or reckless manner, and for the sole purpose of harassing and embarrassing

---

[1]Plaintiff does not allege that the grand jury indicted him on the charge of escape and that he was subsequently convicted on the charge, but it is reasonable to infer that this occurred based on his allegation that he was incarcerated as a result of the grand jury indictment.

[2]A *nolle prosequi* is a legal notice that a lawsuit or prosecution has been abandoned. Black's Law Dictionary (8th ed. 2004).

plaintiff.

Plaintiff brings a claim under § 1983 encompassing the above allegations and claiming that he was deprived of his rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, including his right to freedom (Count I); a claim for the tort of malicious prosecution, alleging that defendants had no probable cause to file the March 10, 2008 affidavit and that the filing led to his incarceration in the Brown County Jail from May 8, 2008 until August 6, 2008 (Count II); a claim for the tort of false imprisonment, alleging that on May 8, 2008, without lawful authority or probable cause and against his consent, defendants maliciously, in bad faith, and in a wanton or reckless manner forcibly detained plaintiff and incarcerated him in the Brown County Jail, where he was held until August 6, 2008 (Count III); and a claim for the tort of false arrest, alleging that on or about March 21, 2008, defendants, acting in their capacities as Sheriff and Deputy Sheriff of Brown County, willfully, maliciously, in bad faith, in a wanton or reckless manner, and without probable cause arrested plaintiff on the charge of escape, Ohio Rev. Code § 2921.34(A)(1) (Count IV).

As relief, plaintiff seeks compensatory and punitive damages, as well as reasonable attorney fees and costs.

### III. Defendants Wenninger and Ernst's Motion for Judgment on the Pleadings

Defendants Wenninger and Ernst move for judgment on the pleadings. In support of their motion, they have submitted public records central to plaintiff's claims and referenced in the complaint, which the court may consider in connection with the motion. ***See Jackson v. City of Columbus***, 194 F.3d 737, 745 (6th Cir. 1999). These documents demonstrate that on March 10, 2008, defendant Ernst completed a "Law Enforcement Arrest Report Probable Cause

Affidavit" in which he stated that on March 9, 2008, at approximately 7:23 p.m., "I/O" (presumably "Investigating Officer" Ernst) had been advised by the Communication Center that it had received an alert that plaintiff, who was on home incarceration, had an open strap, and an investigation by Ernst disclosed that Blackwell had cut the monitoring bracelet off of his ankle and had left the residence. Doc. 8, exh. A. On March 10, 2008, Ernst swore out a complaint in the Brown County municipal court charging Blackwell with escape, a fifth degree felony, and stating that Ernst knowingly broke detention by cutting his ankle strap and leaving his residence while on home incarceration in violation of Ohio Rev. Code § 2921.34(A)(1). Doc. 8, exh. B. The Brown County Deputy Clerk issued an arrest warrant to the Brown County Sheriff based on the complaint. Doc. 8, exh. C. An officer, who is not identified in plaintiff's complaint, arrested Blackwell on March 24, 2008. Doc. 8, exh. C. On April 17, 2008, the Brown County grand jury returned an indictment against Blackwell for a violation of § 2921.34(A)(1), finding that on or about March 9, 2008, Blackwell, knowing he was under detention, did purposely break the detention, with a specification that the most serious offense for which he was under detention was a misdemeanor. Doc. 8, exh. D. The prosecuting attorney subsequently issued a request for warrant on indictment, which the Deputy Clerk issued to the Brown County Sheriff on April 17, 2008. Doc. 8, exh. E. Plaintiff appeared in court the following day, bond was set, and he was arraigned on one count of escape with a specification in violation of § 2921.34(A)(1), to which he pled not guilty. Doc. 8, exh. F.

Plaintiff adds the following facts to those alleged in the complaint and the facts disclosed in the public records: On March 9 and 10, 2008, he was to have been at home with pre-trial electronic home monitoring in place. On August 6, 2008, the charge of escape against him was

4

dismissed when the Brown County, Ohio prosecuting attorney placed a *nolle prosequi* of record based upon the ruling in *Gapen* that "pre-trial electronic home monitoring of defendant did not constitute 'detention' for purposes of prosecuting crime of escape."

Based on these facts, defendants Wenninger and Ernst argue that the complaint fails to state a plausible federal claim for relief against them because it sets forth only legal conclusions and does not allege the requisite elements of the claims asserted. Specifically, these defendants contend that plaintiff does not allege that he was held in jail contrary to court order as a proximate result of either defendant's actions, but instead plaintiff alleges that he was held pursuant to court order. They further argue that plaintiff does not allege facts necessary to permit the conclusion that he suffered cruel and unusual punishment as a proximate result of either defendant's actions. In addition, defendants allege that there was probable cause for defendant Ernst to believe plaintiff had committed a crime on March 9, 2008, although the crime may have been one other than escape.

Defendants Wenninger and Ernst further claim that they are entitled to absolute quasi-judicial immunity on plaintiff's federal claims as they were enforcing a court order instrinsically intertwined with judicial proceedings. They argue that the sole fact that Ernst filed the probable cause affidavit and criminal complaint in Brown County municipal court the day after plaintiff broke free from home confinement does not expose them to liability, and all of defendants' subsequent actions were in response to valid court orders.

Finally, defendants Wenninger and Ernst claim that they are immune from liability pursuant to Ohio Rev. Code 2744.02(A)(1) because they were performing a governmental function.

In response, although plaintiff does not mention the Fourth Amendment in the complaint, he argues that he has alleged that he was arrested and incarcerated and therefore deprived of his Fourth Amendment rights to be free from unreasonable seizures and from the issuance of a warrant without probable cause. He contends that the complaint gives defendants notice that while acting as Sheriff and Deputy Sheriff under color of law, they initiated and continued a criminal prosecution on the charge of escape based upon facts that do not constitute that crime and he suffered injuries as a result. He alleges that a subsequent grand jury indictment cannot establish probable cause for an earlier arrest. He contends defendants Wenninger and Ernst are not entitled to absolute quasi-judicial immunity on his federal claims, although he relies on the law of qualified immunity to oppose their claim of quasi-judicial immunity. Plaintiff further argues that if there should be a dispute as to the facts and circumstances, then the trier-of-fact must determine if probable cause existed. Plaintiff does not, however, allege that the facts set forth in the probable cause affidavit are false. To the contrary, plaintiff simply alleges that those facts do not constitute the crime of escape.

Plaintiff further argues that defendants Wenninger and Ernst are not entitled to immunity from liability on his state law claims because they acted maliciously, in bad faith, and in a wanton or reckless manner, so that the exception to immunity set forth in Ohio Rev. Code § 2744.02(B) applies.

Plaintiff contends that he has sufficiently pled the elements of a claim of malicious prosecution because he alleges that defendants initiated a criminal prosecution, with malicious purpose and without probable cause, and the criminal prosecution was terminated in his favor. He asserts that he has set forth a claim for false arrest and imprisonment because he alleges that

6

defendants, without lawful authority and against his consent, forcibly arrested, detained and incarcerated him in the Brown County Jail.

## IV. Standard of Review

The same standard of review applies to motions for judgment on the pleadings under Fed. R. Civ. P. 12(c) as applies to motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008) (citing *Penny/Ohlman/Nieman, Inc. v. Miami Valley Pension Corp*, 399 F.3d 692, 697 (6th Cir. 2005). When reviewing a Rule 12(c) motion, the court must read the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Erickson v. Pardus*, 551 U.S. 89 (2007) in conjunction with one another. *Id*. Pursuant to the Supreme Court's decision in *Twombly*, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. at 555 (internal citations omitted). The complaint must contain sufficient facts, accepted as true, to "state a claim for relief that is plausible on its face." *Id*. at 570.

In *Erickson*, the Supreme Court affirmed that Fed. R. Civ. P. 8(a)(2) requires "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555). The Supreme Court in *Erickson* further reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id*. (citing *Twombly*, 550 U.S. at 555-56). The Supreme Court recently clarified that

although the Rule 8 pleading standard does not require "detailed factual allegations," it does demand "more than an unadorned, the defendant unlawfully-harmed-me accusation." *See Howard v. City of Girard, Ohio*, 2009 WL 2998216, *2 (Sept. 21, 2009) (unpublished decision) (citing *Ashcroft v. Iqbal,* __ U.S. __, 129 S.Ct. 1937, 1947, 1948-50 (2009)).

## V. Qualified Immunity/Absolute Quasi-Judicial Immunity

Qualified immunity protects government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A qualified immunity analysis consists of two questions: (1) taken in the light most favorable to the party asserting the injury, do the facts alleged show that the officer's conduct violated a constitutional right, and (2) if a violation could be made out on a favorable view of the parties' submission, was the right clearly established at the time of the injury? *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The court may exercise its sound discretion in deciding which of these two prongs should be addressed first in light of the circumstances of the particular case before it. *Pearson v. Callahan*, __ U.S. __, 129 S.Ct. 808 (2009). The unlawfulness of the officer's conduct must be apparent in light of pre-existing law. *Anderson v. Creighton*, 483 U.S. 637, 640 (1987). "If officials of reasonable competence objectively could disagree on the law, immunity should be recognized." *Cameron v. Seitz*, 38 F.3d 264, 272 (6th Cir. 1994) (citing *Mumford v. Zieba*, 4 F.3d 429, 432 (6th Cir. 1993)).

A defendant is not entitled to qualified immunity on an unreasonable arrest claim "if no reasonably competent peace officer would have found probable cause." *Leonard v. Robinson,* 477 F.3d 347, 355 (6th Cir. 2007) (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

8

Conversely, "it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and [the Supreme Court has] indicated that in such cases those officials - like other officials who act in ways they reasonably believe to be lawful - should not be held personally liable." *Anderson*, 483 U.S. at 641. "Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable [citation omitted] will the shield of immunity be lost." *Malley*, 475 U.S. at 344-345.

Absolute judicial immunity from suits for money damages is afforded to judges for all actions taken in their judicial capacity, unless these actions are taken in the complete absence of any jurisdiction. *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994) (citations omitted). Absolute judicial immunity has been extended to non-judicial officers who perform "quasi-judicial" duties, i.e., those tasks so integral or intertwined with the judicial process that the persons who perform them are considered an arm of the judicial officer. *Id*. (citations omitted).

The Supreme Court has endorsed a "functional" approach in determining whether an official is entitled to absolute immunity. *Id*. (citations omitted). Under this approach, the court examines "the nature of the function performed, not the identity of the actor who performed it.'" *Id*. (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)). "[E]nforcing or executing a court order is intrinsically associated with a judicial proceeding." *Id*. (citations omitted). A police officer who seeks an arrest warrant is not, under the functional approach, entitled to absolute immunity. *Malley*, 475 U.S. at 340-41.

## VI. Title 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . ." To establish a claim under § 1983, plaintiff must prove that "(1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001).

### A. Fourth Amendment

### 1. Arrest without probable cause

Although plaintiff makes no mention of the Fourth Amendment in his complaint, he asserts in his opposing memorandum that he is alleging his arrest and incarceration violated his right under the Fourth Amendment to be free from unreasonable seizures and violated the guarantee that no warrant shall issue but upon probable cause. The complaint can reasonably be construed as alleging a violation of plaintiff's Fourth Amendment rights as he repeatedly alleges in the complaint that he was arrested without probable cause. Thus, the complaint provides notice that plaintiff is raising a Fourth Amendment claim for an arrest without probable cause.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." It requires probable cause for an arrest. *Lyons v. City of Xenia*, 417 F.3d 565, 573 (6th Cir. 2005). The issue of "probable cause" turns on whether the "facts and circumstances within the officer's knowledge [ ] are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Mich. v. DeFillippo*, 443 U.S. 31, 37 (1979); *see also Feathers v. Aey*, 319 F.3d 843,

851 (6th Cir. 2003) (probable cause exists if there is "a fair probability that the individual to be arrested has either committed or intends to commit a crime.") In general, whether there is probable cause for an arrest presents a jury question, unless only one reasonable determination is possible. *Gardenhire v. Schubert*, 205 F.3d 303, 315 (6th Cir. 2000) (citing *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995)). The fact that an individual is later acquitted of the crime for which he is arrested is irrelevant to the question of whether the arrest is valid. *DeFillippo*, 443 U.S. at 36.

"[A]n arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." *Devenpeck v. Alford* 543 U.S. 146, 153 (2004) (citing *Whren v. United States*, 517 U.S. 806, 812-813 (1996); *Arkansas v. Sullivan*, 532 U.S. 769 (2001)). In other words, the officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Id*. It is only necessary that the circumstances, viewed objectively, justify the action. *Id*. (citing *Whren*, 517 U.S. at 813 (quoting *Scott v. United States*, 436 U.S. 128, 138 (1978)). Thus, in *Devenpeck*, the Supreme Court rejected the rule that "the offense establishing probable cause must be 'closely related' to, and based on the same conduct as, the offense identified by the arresting officer at the time of arrest." 543 U.S. at 153-54. The Sixth Circuit has affirmed that "knowledge of the precise crime committed is not necessary to a finding of probable cause provided that probable cause exists showing that a crime was committed by the defendant[]." *Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 307 n. 12 (6th Cir. 2005) (citing *United States v. Anderson*, 923 F.2d 450, 457 (6th Cir. 1991)).

Where the arrest of the individual was pursuant to a grand jury indictment, "the finding

of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." *Id*. at n.13 (citing **Higgason v. Stephens**, 288 F.3d 868, 877 (6th Cir. 2002) (quoting **Ex Parte United States**, 287 U.S. 241, 250 (1932)). However, the Sixth Circuit in **Radvansky** acknowledged that neither the Supreme Court nor the Sixth Circuit has ever held that a subsequent grand jury indictment can establish probable cause for an earlier arrest. *Id*. at n.13 (citations omitted). The Sixth Circuit went on to explicitly hold in that case that "after-the-fact grand jury involvement cannot serve to validate a prior arrest." *Id.* (citing **Garmon v. Lumpkin County**, 878 F.2d 1406, 1409 (11th Cir. 1989) ("A subsequent indictment does not retroactively provide probable cause for an arrest that has already taken place.")).

### 2. False Imprisonment under § 1983

It is not clear from his complaint whether plaintiff intends to bring a claim for false imprisonment under § 1983 or whether he intends to pursue this claim solely under state law. Construing the complaint liberally in plaintiff's favor, the court will assume that he intends to pursue a false imprisonment claim under § 1983.

Claims of false arrest and false imprisonment under § 1983 overlap, with false arrest being a species of false imprisonment. **Wallace v. Kato**, 549 U.S. 384, 388 (2007). False imprisonment is detention without legal process. *Id*. at 389. False imprisonment necessarily ends when the individual becomes held pursuant to legal process, e.g., when he is arraigned on charges. *Id*. If the individual is to recover damages for the period following the issuance of process or subsequent to his arraignment, he must pursue those damages based on a malicious prosecution claim and on the wrongful use of judicial process rather than on the basis of the

detention itself. *Id*.

An arrest pursuant to a facially valid warrant is normally a complete defense to a claim for false arrest or false imprisonment brought under § 1983. ***Voyticky v. Village of Timberlake, Ohio***, 412 F.3d 669, 677 (6th Cir. 2005) (citing ***Baker v. McCollan***, 443 U.S. 137, 143-44 (1979)). However, summary disposition of a false arrest/false imprisonment claim is not warranted where there is evidence that a defendant intentionally provided misleading information or omitted information at a probable cause hearing for an arrest warrant, provided the misleading or omitted information is critical to the finding of probable cause. *Id*. (citing ***Mays v. City of Dayton***, 134 F.3d 809, 816 (6th Cir. 1998); ***United States v. Atkin***, 107 F.3d 1213, 1217 (6th Cir. 1997)).

### 3. Malicious Prosecution under § 1983

It is likewise not clear from the complaint whether plaintiff is bringing a claim for malicious prosecution under § 1983 in addition to under state law. Insofar as plaintiff intends to do so, the Sixth Circuit acknowledged in ***Fox v. DeSoto*** that it has recognized a § 1983 claim for malicious prosecution arising under the Fourth Amendment, "but the contours of such a claim remain uncertain." 489 F.3d 227, 237 (6th Cir. 2007) (citing ***Kato****,* 549 U.S. at 390, n. 2; ***McKinley v. City of Mansfield****,* 404 F.3d 418, 444-45 (6th Cir. 2005); ***Darrah v. City of Oak Park****,* 255 F.3d 301, 308-12 (6th Cir. 2001)). The Sixth Circuit noted that what is clear, however, is that a malicious prosecution claim brought under § 1983 fails "when there was probable cause to prosecute, or when the defendant did not make, influence, or participate in the decision to prosecute." *Id*. (citations omitted); ***Thacker v. City of Columbus***, 328 F.3d 244, 259 (6th Cir. 2003) (acknowledging that although the Sixth Circuit has yet to resolve the elements of

a federal malicious prosecution claim, it is clear the plaintiff must show at a minimum "that there was no probable cause to justify [his] arrest and prosecution"); *see also Skousen v. Brighton High Sch.,* 305 F.3d 520, 529 (6th Cir. 2002) and *McKinley,* 404 F.3d at 444 (a police officer cannot be held liable for malicious prosecution when he did not make the decision to prosecute).

## VII. Analysis

### A. Plaintiff has not sufficiently pled a § 1983 claim against defendant Ernst

The sole allegation plaintiff makes against defendant Ernst is that he filed a complaint alleging that plaintiff broke detention while he was under pretrial electronic home monitoring and charging plaintiff with a violation of the Ohio escape statute. Read in conjunction with the remainder of the complaint, plaintiff's allegation against Ernst is insufficient to state a claim for relief against this defendant. The authorities cited by defendants do not support their position that Ernst is entitled to absolute quasi-judicial immunity for filing the complaint, which Ernst did not do pursuant to a court order. Ernst is, however, entitled to qualified immunity on the clams brought against him in his individual capacity and to judgment on the claims brought against him in his official capacity because the public records establish that there was probable cause to believe plaintiff had committed a crime for the reasons explained below.

Initially, the court rejects defendants' argument that the grand jury indictment provides probable cause for plaintiff's arrest. This argument fails because Ernst's complaint preceded the indictment. *See Radvansky,* 395 F.3d at 307 n. 13. Moreover, it is true that the Ohio Supreme Court had held prior to plaintiff's arrest that pretrial electronic home monitoring does not constitute detention for the purpose of prosecuting the crime of escape, Ohio Rev. Code § 2921.34(A)(1), which provides as follows:

> No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.

*See Gapen,* 104 Ohio St.3d at 371, 819 N.E.2d at 1063. Thus, it appears that probable cause to arrest plaintiff for the particular crime of escape was lacking. Nonetheless, lack of probable cause to arrest plaintiff for the specific crime of escape is irrelevant to the question of whether Ernst violated plaintiff's Fourth Amendment rights because the allegations of the complaint and the public records which the parties have submitted, none of which plaintiff alleges to be misleading or incomplete, support a finding that there was probable cause to arrest plaintiff for a violation of either of the following two Ohio statutes:

> (1) Ohio Rev. Code § 2909.05(B)(2), vandalism, a felony of the fifth degree, which provides in pertinent part that:
>
> No person shall knowingly cause serious physical harm [described in § 2909.05(F) as physical harm that results in loss of value to the property of $500 or more] to property that is owned, leased, or controlled by a governmental entity. A governmental entity includes, but is not limited to, the state or a political subdivision of the state . . . or any other body corporate and politic responsible for governmental activities only in geographical areas smaller than that of the state.
>
> (2) Ohio Rev. Code § 2909.06, criminal damaging, a misdemeanor of the second degree, which the statute defines as knowingly, by any means, causing physical harm to property of another without his consent.

Plaintiff does not dispute that the elements of these two crimes are satisfied by his conduct as described in the probable cause affidavit and complaint prepared by Ernst. Thus, there is no basis for finding that probable cause for plaintiff's arrest was lacking and that Ernst violated

15

plaintiff's constitutional rights by preparing the probable cause affidavit and the complaint against him. Accordingly, plaintiff has failed to state a § 1983 claim against Ernst in connection with his arrest.

The court's determination that plaintiff's allegations do not permit a finding that there was no probable cause for his arrest, standing alone, precludes plaintiff from proceeding on his malicious prosecution claim against Ernst under § 1983. Plaintiff cannot pursue this claim against Ernst on the additional ground that there is no allegation that Ernst influenced or had any involvement in the decision to prosecute plaintiff on the escape charge.

Finally, plaintiff's allegations do not state a claim under § 1983 against Ernst for false imprisonment. Plaintiff's allegation that he was detained without lawful authority is a legal conclusion which cannot suffice to establish a right to relief against Ernst on this claim.

Accordingly, defendant Ernst is entitled to qualified immunity on plaintiff's claims brought against him in his individual capacity. Because plaintiff has failed to sufficiently allege a violation of his constitutional rights by Ernst, defendant Ernst is also entitled to judgment on plaintiff's claims brought against him in his official capacity, which are actually claims against Brown County, his employer. *See Alkire v. Irving,* 330 F.3d 802, 810 (6th Cir. 2003).

**B. Plaintiff has not sufficiently pled a § 1983 cause of action against defendant Wenninger**

The complaint likewise fails to state a cause of action against defendant Wenninger. Plaintiff does not allege that Wenninger took any affirmative action against him or failed to fulfill a duty he owed to plaintiff. The only mention of Wenninger in the complaint is found at ¶ 8, where plaintiff alleges that all relevant times, Wenninger was Sheriff of Brown County in control of the Brown County Jail and responsible for plaintiff's incarceration. Plaintiff argues in

the opposing memorandum that Wenninger knew or should have known that the allegations against plaintiff did not constitute a criminal offense and that plaintiff's continued incarceration violated his Fourth Amendment rights. Accepted as true, such allegations are insufficient to impose liability on Wenninger. Unless Wenninger kept plaintiff confined at the Brown County Jail without a facially valid court order, Wenninger is entitled to absolute quasi-judicial immunity in connection with plaintiff's incarceration. *See Rauch*, 38 F.3d at 847. Because plaintiff does not allege that Wenninger took any action without a facially valid court order, Wenninger is entitled to absolute quasi-judicial immunity or, in the alternative, qualified immunity on plaintiff's § 1983 claims against him in his individual capacity. Wenninger is entitled to judgment in his favor on plaintiff's claims brought against him in his official capacity because plaintiff has failed to allege a violation of his constitutional rights by this defendant.

## VIII. Supplemental Jurisdiction

The exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion. When, however, a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well. *Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004) If a case has been removed from state court, the logical action is to remand the state law claims based on supplemental jurisdiction to the state court from which the case was removed. *Thurman v. DaimlerChrysler, Inc*., 397 F.3d 352, 359 (6th Cir. 2004).

The court has found that dismissal of all federal claims in this lawsuit is warranted. It is therefore appropriate to decline to exercise supplemental jurisdiction over the state law causes of action, particularly since those claims raise issues of state law immunity which are not implicated by the federal claims and which are best addressed by the state court.

## IX. Conclusion

In accordance with the foregoing, defendants John Doe I and John Doe II are **DISMISSED** without prejudice from this lawsuit. Defendants Wenninger and Ernst's motion for judgment on the pleadings is **GRANTED** in part. Plaintiff's claims against defendants Wenninger and Ernst brought under 42 U.S.C. § 1983 (Count I) are **DISMISSED** with prejudice. The court declines to exercise supplemental jurisdiction over plaintiff's claims brought under state law (Counts II, III, and IV). Those claims are hereby **REMANDED** to the Brown County, Ohio Court of Common Pleas.

**IT IS SO ORDERED.**

 S/ Herman J. Weber
HERMAN J. WEBER
SENIOR JUDGE, UNITED STATES DISTRICT COURT